UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHAEL HUNTER HAURY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00172-WTL-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus and Denying Certificate of Appealability**

Petitioner Michael Haury was convicted of murder in Vanderburgh County, Indiana, in 1990. Mr. Haury now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues, among other things, that Mr. Haury's habeas petition is time-barred. Mr. Haury has replied.

For the reasons explained in this Order, Mr. Haury's habeas petition is time-barred and must be dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Mr. Haury pleaded guilty to murder in Vanderburgh County, Indiana in 1990, and he was sentenced on August 14, 1990, to sixty-years' imprisonment. Mr. Haury did not appeal his sentencing. Mr. Haury filed a petition for post-conviction relief in state court on July 2, 1991, which remained pending until he voluntarily withdrew it on May 24, 1993. Mr. Haury did not file any more challenges to his murder conviction until January 2005, when he filed a motion to correct error in state court, and February 2006, when filed a second state petition for post-conviction relief. Mr. Haury filed the instant habeas petition in this Court on March 22, 2018.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Mr. Haury's conviction and sentence became final long before the Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. "AEDPA imposes a one-year statute of limitations on habeas corpus petitions brought by state prisoners, 28 U.S.C. § 2244(d), but for prisoners whose convictions became final prior to AEDPA's enactment on April 24, 1996, there was a one-year grace period in which to file." *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002). Mr. Haury thus had one-year—until April 24, 1997—to file his federal habeas petition or have a properly filed petition for state post-conviction relief pending that tolled the limitations period under 28 U.S.C. § 2244(d)(2). *See Lozano v. Frank*, 424 F.3d 554, 555 (7th Cir. 2005).

Mr. Haury did not file the instant habeas petition until March 22, 2018, which is more than

twenty years after his statute of limitations had run. The fact that he filed a second state petition for post-conviction relief in 2006, many years after the limitations period has run, is of no benefit to Mr. Haury; a pending state-court collateral challenge only pauses the clock, and his clock had already expired. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007).

Mr. Haury's two replies (labeled as motions for summary judgment) do not meaningfully resist this conclusion and are difficult to discern. But, liberally construed, he does not contest any of the facts establishing that his petition is time-barred or raise any argument that equitable tolling should apply.

Accordingly, Mr. Haury's petition for a writ of habeas corpus is dismissed as untimely.

## IV. Conclusion

Mr. Haury has not shown the existence of circumstances permitting him to overcome the untimeliness of his petition. His petition is therefore dismissed with prejudice. Mr. Haury's motion for summary judgment, dkt. [25], is **denied**. Judgment consistent with this Order shall now issue.

## V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Haury's petition was filed well beyond the expiration of the one-year statutory limitations period and he has not demonstrated that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/2/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL HUNTER HAURY
902974
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov